# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EVANS, | CV F 04-6526 REC DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| MIKE EVANS, Warden | [Doc. 10] |
| Respondent. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

PROCEDURAL HISTORY[2]

On March 20, 2000, in the Fresno County Superior Court, a jury convicted Petitioner of violating California Penal Code[3] section 209, subdivision (b)(1), kidnaping to commit rape; section 209.5, subdivision (a), kidnaping during the commission of a carjacking; section 215, subdivision (a), carjacking; and section 211, robbery. Petitioner admitted that he suffered a previous conviction within the meaning of section 667.5, subdivision (b). The trial court

---

[1] In its motion to dismiss, Respondent indicates that Mike Evans is the current Warden of Salinas Valley State Prison and not W.A. Duncan. Accordingly, Respondent requests that the Court substitute Mike Evans as Respondent pursuant to Rule 25(d)(1). Respondent's request is granted and Mike Evans is substituted in place of W.A. Duncan as Respondent in this action.

[2] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

[3] All further statutory references are to the California Penal Code unless otherwise indicated.

1

sentenced Petitioner to the indeterminate state prison term of life with the possibility of parole, plus ten years.

Petitioner appealed the sentence. On February 25, 2002, the California Court of Appeal, Fifth Appellate District, issued its opinion and reversed the carjacking conviction and affirmed the judgment in all other respects.[4] (Respondent's Lodged Doc. 2.) A petition for review was not filed with the California Supreme Court.

Petitioner filed one post-conviction collateral challenge to his conviction. The challenge was a petition for writ of habeas corpus filed on March 25, 2003, in the California Supreme Court.[5] (Respondent's Lodged Doc. 5.) The petition was denied on November 12, 2003. (Respondent's Lodged Doc. 6.)

Petitioner filed the instant federal petition for writ of habeas corpus on November 10, 2004. Now pending before the Court is Respondent's motion to dismiss, filed May 3, 2005. Petitioner did not file an opposition.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915

---

[4] An amended abstract of judgment was issued on May 29, 2002, reversing the carjacking conviction in compliance with the California Court of Appeal's opinion and the sentence was amended to reflect an indeterminate state prison term of life with the possibility of parole, plus one year. (Respondent's Lodged Doc. 3.) An appeal did not follow.

[5] The petition was originally received by the California Supreme Court on March 20, 2003, but was returned unfiled due to the absence of an original signature on the petition. (Respondent's Lodged Doc. 4.)

F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on March 20, 2000. The California Court of

Appeal issued its opinion on February 25, 2002, and an amended abstract of judgment was issued on May 29, 2002. Petitioner did not file a petition for review. According to the California Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality.[6] Rule 24(a), 28(b), Ca.R.Ct. Therefore, direct review concluded on July 8, 2002. Petitioner had one year until July 8, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file the instant petition until November 10, 2004, over one year after the limitations had expired.

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[7] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

---

[6] Respondent incorrectly asserts that direct review ended upon the expiration of the 60-day period pursuant to Rule 31(a). Because Petitioner filed an appeal to the Court of Appeal, Rules 24 and 28, not 31, apply.

[7] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

Petitioner had one post-conviction challenge, a petition for writ of habeas corpus filed in the California Supreme Court on March 25, 2003. The petition was denied on November 12, 2003. (Respondent's Lodged Docs. 5-6.) At the time of filing the state habeas petition at the California Supreme Court, 260 days had run on the limitations period. See Nino, 183 F.3d at 1005 [Petitioner is not entitled to tolling from the time his direct review becomes final to the time of filing the first collateral action because there is no case "pending" during that interval]. Petitioner is however entitled to tolling during the period in which the state habeas petition was pending before the California Supreme Court. Thus, Petitioner is entitled to tolling from March 25, 2003 to November 12, 2003. The statute of limitations expired on February 25, 2004 - 105 days after November 12, 2003. As previously noted, Petitioner did not file the instant action until November 10, 2004, and absent valid grounds for equitable tolling, the petition is therefore untimely.

D.   Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, petitioner did not oppose the Motion and thus, raises no assertion of entitlement to equitable tolling. Accordingly, as the instant federal petition was filed after the statute of limitations expired, it must be dismissed.

///

///

<u>RECOMMENDATION</u>

Accordingly, the Court RECOMMENDS that the Motion to Dismiss the Petition for Writ of Habeas Corpus be GRANTED, the Petition DISMISSED, and the Clerk of Court DIRECTED to enter judgment in the case.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 16, 2005**               **/s/ Dennis L. Beck**
3b142a                                        UNITED STATES MAGISTRATE JUDGE